**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DEMARIO RIGGS, ID # 1758365,**      ) | |
|             **Petitioner,**      ) | |
| vs.      ) | No. 3:14-CV-2693-P  (BH) |
|       ) | |
| **WILLIAM STEPHENS, Director,**      ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal**      ) | |
| **Justice, Correctional Institutions Division,**      ) | |
|             **Respondent.**      ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petitioner's *Application to Proceed In Forma Pauperis*, received July 28, 2014 (doc. 4), should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis* (IFP) that were received on July 28, 2014.  (*See* docs. 3, 4.)  He also provided a trust fund account statement that showed a balance of $1.51 as of the date of its preparation, but total deposits of $388.00 over the prior six months, and of $650.00 over the prior 12 months.  By order dated July 30, 2014, the Court found that the IFP motion should be denied based on the prior deposits and granted the petitioner thirty days to pay the required $5.00 filing fee.  (*See* doc. 5.)  The order warned that failure to pay the filing fee could result in a formal recommendation that IFP status be denied and that his case be dismissed.  *Id.*  More than thirty days from the date of the order have passed, but the petitioner has not paid the filing fee or otherwise responded to the order.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

As noted, the petitioner's trust fund account statement showed total deposits of $388.00 over the prior six months, and the application itself showed receipt of about $650.00 over the prior 12 months. The petitioner has not shown that he has any demands on his financial resources, or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP application should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was given 30 days to pay the filing fee, and he was specifically warned that failure to do so could result in dismissal of this action. He still has not paid the fee or otherwise responded to the order to pay the fee. Because he failed to

comply with the order that he pay the $5 filing fee, and has not otherwise responded to that order, this case should be dismissed for failure to prosecute or follow orders of the court.

## IV. RECOMMENDATION

The motion for leave to proceed *in forma pauperis* (doc. 4) should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner pays the filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 9th day of October, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE